UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN POWELL | CIVIL ACTION |
| VERSUS | NO: 13-235 |
| NEW ORLEANS CITY, ET AL. | SECTION: "H"(5) |

**ORDER AND REASONS**

Before the Court is a Motion to Dismiss (R. Doc. 7) filed by Defendant New Orleans City (the "City"), and a Motion to Dismiss (R. Doc. 15) filed by Defendant American Traffic Solutions, Inc. ("American Traffic").  For the following reasons, the Motions are GRANTED.  Plaintiff John Powell's claims are DISMISSED WITHOUT PREJUDICE.  Plaintiff may file an amended complaint within thirty days of the entry of this Order.

**BACKGROUND**

This is a civil action in which Plaintiff challenges the constitutionality of the City's

1

Automated Traffic Enforcement System Ordinance ("ATES Ordinance").  The ATES Ordinance authorizes the use of camera systems for the purpose of issuing citations for traffic violations. Plaintiff allegedly received a citation on three separate occasions.  Plaintiff filed suit *pro se* against the City and American Traffic—the entity with whom the City contracted in order to help implement the ATES Ordinance.

**LEGAL STANDARD**

I.       Lack of Subject Matter Jurisdiction—Fed. R. Civ. P. 12(b)(1)

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  "A Rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction."  *Davis v. U.S.*, 597 F.3d 646, 650 (5th Cir. 2009) (internal quotation marks omitted).  The proponent of federal court jurisdiction—in this case, the Plaintiff—bears the burden of establishing subject matter jurisdiction.  *See Physicians Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012).

II.      Failure to State a Claim Upon Which Relief Can Be Granted—Fed. R. Civ. P. 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state

2

a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009).  The Court need not, however, accept as true legal conclusions couched as factual allegations.  *Iqbal*, 129 S. Ct. at 1949–50.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.  *Id*.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.  *Iqbal*, 129 S. Ct. at 678 (quoting *Twombly*, 550 S. Ct. at 1955).  Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.  *Lormand*, 565 F.3d at 255–57.  The Court's review "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

**LAW AND ANALYSIS**

Both the City and American Traffic move this Court to dismiss Plaintiff's complaint for failure

to state a claim upon which relief can be granted.  The City also contests subject matter jurisdiction.  The Court addresses the City's jurisdictional challenge first.  *See Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

I.      Whether the Court Possesses Subject Matter Jurisdiction

The basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.  Plaintiff attempts to invoke this Court's federal question jurisdiction under § 1331, which vests district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The well-pleaded complaint rule governs the existence *vel non* of federal question jurisdiction.  *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003).  Pursuant to this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A federal question is present when "there appears on the face of the complaint some substantial, disputed question of federal law."  *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995).

The Court finds that Plaintiff's complaint supports the exercise of federal question jurisdiction.  Plaintiff alleges the ATES Ordinance violates, *inter alia*, his due process rights and his rights against self-incrimination.  Accordingly, Plaintiff seeks the return of all monies paid to the

4

City pursuant to the ATES Ordinance. Although Plaintiff does not specifically plead his causes of action under 42 U.S.C. § 1983, it is clear that Section 1983 is the proper mechanism for redress of constitutional violations in this matter. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992) ("Section 1983 provides a remedy against 'any person' who, under color of state law, deprives another of rights protected by the Constitution.") (quoting 42 U.S.C. § 1983). Where, as here, federal law provides both the substantive law and the remedy for a violation of that law, federal question jurisdiction is undoubtedly present. *See O'Quinn v. Manuel*, 773 F.3d 605, 607 (5th Cir. 1985) (finding federal question jurisdiction where complaint invoked Section 1983 and certain constitutional amendments); *Villegas v. El Paso Indep. Sch. Dist.*, No. 07–CV–234, 2008 WL 5683481, at *3 (W.D. Tex. Sept. 3, 2008) (finding federal question jurisdiction where plaintiff alleged constitutional violations but failed to specifically plead those violations under Section 1983).

II.   <u>Whether Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted</u>

Having determined the basis of its subject matter jurisdiction, the Court next addresses the legal sufficiency of Plaintiff's complaint. Plaintiff claims the ATES Ordinance violates the federal constitution as well as the Louisiana state constitution. The Court addresses each claim in turn.

A. *Whether Plaintiff's Federal Claims Are Legally Cognizable*

In determining whether Plaintiff states a claim upon which relief can be granted, the Court is mindful that "*pro se* complaints are held to less stringent standards than formal pleadings drafted

5

by lawyers." *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (internal quotation marks omitted).  It is well established, however, that "[e]ven a liberally construed *pro se* civil rights complaint . . . must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).  Plaintiff's complaint—even when construed liberally—fails to meet this minimal standard.

After recounting the citations he received for traffic violations, Plaintiff alleges generally that the ATES ordinance:

> [V]iolates the . . . United States Constitution for numerous reasons, including but not limited to reversing the burden of proof and creating a presumption of guilt, violating the right against self-incrimination, violating the right to due process by its vagueness and ambiguity and by placing its enforcement in the hands of a private, non-governmental entity with a financial interest in the outcome of each alleged violation as well as in charging the maximum number of persons with violation.

Neither Plaintiff's complaint nor his opposition memoranda contain any other facts in support of these allegations.  In fact, Plaintiff does not even articulate which provision(s) of the ATES Ordinance he contends violate the constitution, much less how those provision(s) are unconstitutional.  Such bald allegations lack sufficient factual support to withstand a motion to dismiss.

B.  *Whether the Court Should Address the Legal Sufficiency of Plaintiff's State Law Claims*

Plaintiff also alleges the ATES Ordinance violates the Louisiana state constitution and is

"preempted by Louisiana state law, conflicts with Louisiana state law, and exceeds the scope of local power authorized by state law."  Because Plaintiff's federal claims have been dismissed, the Court must first determine whether to exercise supplemental jurisdiction over Plaintiff's remaining state law claims before addressing those claims on the merits.  *See Juino v. Livingston Parish Fire Dist. No. 5*, No. 11–466, 2012 WL 527972, at *8 (E.D. La. Feb. 14, 2012).

When all federal claims are dismissed or otherwise eliminated before trial, the court should generally decline to exercise supplemental jurisdiction over any remaining state law claims.  *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 247 (5th Cir. 1999); *Petroleum v. Dresser Indus.*, 962 F.2d 580, 585 (5th Cir. 1992).  In deciding whether to continue exercising jurisdiction, courts should consider "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity."  *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).

Having considered the relevant factors, the Court declines to exercise supplemental jurisdiction.  Plaintiff would not be prejudiced by dismissing his state law claims without prejudice for two reasons.  First, he may reurge those same claims—along with his federal claims—in an amended complaint before this Court.  Second, the above-captioned matter has only been pending for approximately ten months.  No trial or pre-trial deadlines have been set.  The parties' pre-trial efforts have been directly almost exclusively towards the pending dismissal motions.  *See Bevis v. City of New Orleans*, No. 10–4161, 2011 WL 2899120, at *5 (E.D. La. July 18, 2011) (declining to

exercise supplemental jurisdiction under substantially similar circumstances). Furthermore, given the relative nascency of this matter, the Court is not intimately familiar with the facts. Thus, declining to exercise supplemental jurisdiction at this juncture is consistent with the principles of judicial economy, convenience, and fairness to the parties. *See Batiste*, 179 F.3d at 228.

## CONCLUSION

For the reasons previously stated, the Motions to Dismiss are GRANTED and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. Plaintiff may file an amended complaint within thirty days of the entry of this Order.

New Orleans, Louisiana, this 9th day of January, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**