UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN POWELL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13–235** |
| **NEW ORLEANS CITY, ET AL.** | **SECTION "H"(5)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss (R. Doc. 30) filed by Defendant American Traffic Solutions, Inc. ("ATS"), and a Motion to Dismiss (R. Doc. 33) filed by Defendant New Orleans City (the "City"). For the following reasons, ATS's Motion is GRANTED, and the above-captioned matter is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The City's Motion is DENIED AS MOOT.

## BACKGROUND

This is a civil action in which Plaintiff John Powell challenges the constitutionality of the

1

City's Automated Traffic Enforcement System Ordinance ("ATES Ordinance"). Plaintiff filed his original complaint *pro se*, asserting causes of action under both the Louisiana and United States constitutions. The City and ATS responded with motions to dismiss. The Court granted the motions and dismissed Plaintiff's claims without prejudice. Plaintiff subsequently filed an amended complaint, this time only asserting claims under Louisiana law. ATS and the City again filed motions to dismiss, which came under submission on April 2, 2014 and April 16, 2014, respectively. Plaintiff has not opposed the motions.[1]

## LEGAL STANDARD

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). The proponent of federal court jurisdiction—in this case, the

---

[1] The Court informed Plaintiff on at least two separate occasions that motions were pending for which there was no response in the record.

2

Plaintiff—bears the burden of establishing subject matter jurisdiction. *See Physicians Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012).

**LAW AND ANALYSIS**

Both ATS and the City move this Court to dismiss Plaintiff's amended complaint for lack of subject matter jurisdiction. The City also argues Plaintiff fails to state a claim upon which relief can be granted. The Court addresses the jurisdictional challenge first. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

The basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. The amended complaint does not explicitly state the basis for subject matter jurisdiction. Thus, the Court will address both statutes.

Section 1331 vests district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The well-pleaded complaint rule governs the existence *vel non* of federal question jurisdiction. *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 772 (5th Cir. 2003). Pursuant to this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal question is present "when the

3

plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009) (alteration in original) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)); *see also Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) ("[A] suit arises under federal law if there appears on the face of the complaint some substantial, disputed question of federal law.").

Even construing his amended complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Plaintiff fails to allege a basis for subject matter jurisdiction under 28 U.S.C. § 1331.  The amended complaint only purports to assert causes of action under Louisiana law, namely, the Louisiana Constitution and the Louisiana Highway Regulatory Act, La. Rev. Stat. § 32:1 *et seq.*[2]  There is no reference whatsoever to federal law.  Where, as here, a plaintiff only pleads state-law causes of action, "there is generally no federal [question] jurisdiction." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002).  Moreover, given that Plaintiff's original complaint specifically pleaded federal claims which his amended complaint omitted, the Court can only assume Plaintiff intended to abandon his federal claims.

---

[2] *See, e.g.*, R. Doc. 24 at ¶I ("In light of the Constitution of the State of Louisiana . . . and . . . the Louisiana Highway Regulatory Act, plaintiff contends that the ATSE Ordinance is illegal and unconstitutional."); *id.* at ¶II ("The ATSE ordinance violates Article VI, §9(B) of the Constitution of the State of Louisiana."); *id.* at ¶III ("The ATSE ordinance violates Article I, §2 of the Constitution of the State of Louisiana."); *id.* at ¶VII ("The ATSE ordinance violates Article I, §13 of the Constitution of the State of Louisiana."); *id.* at ¶IX ("The ATSE ordinance is invalid, as it lacks enabling legislation from the Louisiana State Legislature."); *id.* at ¶X ("The ATSE ordinance violates Article I, §4(D) of the Constitution of the State of Louisiana."); *id.* at ¶XIII ("[T]his plaintiff is entitled to a Declaratory Judgment *under Louisiana law*.") (emphasis added).

Nor is jurisdiction proper under 28 U.S.C. § 1332.  The Court may not exercise diversity jurisdiction unless the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).  As explained more fully below, neither of these requirements is met.

"The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).  The amended complaint does not allege the Plaintiff's own citizenship nor that of the Defendants.[3]  Thus, Plaintiff has failed to carry his burden of "distinctly and affirmatively alleg[ing] the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).  Moreover, the Court cannot consider the jurisdictional allegations from the original complaint, as Plaintiff has failed to specifically incorporate that pleading in his amended complaint. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").  But even if the Court disregarded this rule in favor of a liberal reading of Plaintiff's *pro se* pleadings, complete diversity would still be absent.

Plaintiff alleged in his original complaint that he is domiciled in Orleans Parish.  Thus, Plaintiff is a Louisiana citizen. *See Hendry v. Masonite Corp.*, 455 F.2d 955, 956 (5th Cir. 1972) ("For

---

[3] In fact, the body of the complaint does not even identify the defendants sued.  The caption of the complaint, however, lists ATS and the City as defendants.  Construing Plaintiff's *pro se* pleading liberally, the Court will consider ATS and the City as named defendants.

5

purposes of federal diversity jurisdiction 'citizenship' and 'domicile' are synonymous."). Plaintiff further alleged that the City is a political subdivision of Louisiana. Thus, the City is also a Louisiana citizen. *See Illinois v. City of Milwaukee, Wis.*, 406 U.S. 91, 97 (1972) ("It is well settled that for the purposes of diversity of citizenship, political subdivisions are citizens of their respective States."). Because Plaintiff and the City are both Louisiana citizens, complete diversity is not present.

Moreover, even if the parties were completely diverse, Section 1332 would still not confer subject matter jurisdiction, because the amount in controversy does not exceed $75,000. District courts engage in a two-step inquiry to determine whether the amount-in-controversy requirement is met. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). First, the court examines the complaint to determine whether it is "facially apparent" that the value of claim(s) asserted exceeds $75,000. *Id.* "If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.*

Plaintiff's amended complaint does not seek monetary damages. Rather, it seeks declaratory judgment. When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is equal to "the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). There is absolutely nothing in the amended complaint or the original complaint with which to approximate either of these values. Thus, it is not facially apparent that Plaintiff's claims exceed $75,000. Moreover, Plaintiff has not identified any documents extrinsic to the pleadings to quantify the value of his claims.

Accordingly, Plaintiff has not met his burden of establish amount in controversy.

## CONCLUSION

For the reasons previously stated, the above-captioned matter is dismissed without prejudice for want of subject matter jurisdiction.

New Orleans, Louisiana, this 25th day of June, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**